No. 89,828

In the Matter of DANIEL L. FRANCO, *Respondent.*

66 P.3d 805

Opinion filed April 18, 2003.

*Alexander M. Walczak*, deputy disciplinary administrator, argued the cause, and *Stanton A. Hazlett*, disciplinary administrator, was with him on the formal complaint for petitioner.

No appearance by respondent.

*Per Curiam*: This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against Daniel L. Franco.

Franco, despite holding himself out as "[p]racticing in KS & MO," has never had a license to practice law in Kansas. His status before a Kansas court, appearing pro hac vice, is at the center of the complaint before us. He is licensed to practice law in Missouri.

Franco did not respond to the Formal Complaint, did not appear before the disciplinary panel, filed no exceptions to the Final Hearing Report, and neither filed anything nor appeared when the matter was docketed and heard by this court.

Franco's office was in Kansas City, Missouri, at the same address with Michael Bredehoft, an attorney licensed in both Kansas and Missouri. Franco, upon learning that Bredehoft was licensed in Kansas, talked to Bredehoft about his helping Franco with some Kansas cases. Bredehoft agreed to help Franco.

In late 1999, Franco was retained in a rape case in Riley County, Kansas, in which Brett Reid was the defendant. Franco called Bredehoft, who was home ill, and asked Bredehoft if he would assist him with the Reid case. Bredehoft said that he would.

Bredehoft asked Franco to leave a copy of the paperwork on Bredehoft's desk so that he would be able to review it upon his return to the office. Franco prepared a Notice of Engaged Counsel and Application for Continuance in Reid's case. Franco signed his name and Bredehoft's name on the pleading. On December 30,

1999, Franco filed the notice via facsimile with the District Court of Riley County, Kansas. As a result of the filing, the district court continued Reid's preliminary hearing to January 13, 2000.

Bredehoft knew nothing of the filing of the· pleading or that Franco had signed Bredehoft's name to it. Franco did not inform Bredehoft that he was seeking a continuance of a preliminary hearing. In fact, when Bredehoft asked Franco what happened in the Kansas case, Franco said that the case had never materialized. Within a few days, Bredehoft left the private practice of law to work for a legal services group.

Franco appeared at the preliminary hearing in Riley County as counsel for the defendant, Reid. At that hearing, Franco did not have local counsel, nor was he specially admitted to appear in the Kansas court pursuant to Kansas Supreme Court Rule 116 (2002 Kan. Ct. R. Annot. 167).

At the preliminary hearing, Franco gave the prosecutor, P. Bernard Irvine, a business card which stated that Franco was "[p]racticing in KS & MO." Irvine attempted to find Franco in the Martindale-Hubbard legal directory and the Kansas Legal Directory. He learned from the Clerk of the Appellate Court's office that Franco had not been admitted to practice law in Kansas.

Irvine then called Franco, who admitted that the bar number he used on the pleadings filed in Riley County was that of another attorney.

Irvine became concerned about the implications of Franco's status on the preliminary hearing and filed a motion with the Riley County District Court bringing the representations of Franco to light and requesting that the court rule on the validity of the proceedings.

Franco then contacted a Kansas attorney, Bruce C. Barry, and told Barry that his local counsel was not going to be present at a hearing and asked if Barry would seek a continuance of the arraignment scheduled for February 14, 2000, in his behalf. Franco did not inform Barry that he had no local counsel and that he had previously appeared in Riley County District Court without local counsel. Additionally, Franco did not inform Barry that Irvine had filed a motion to determine whether the preliminary hearing was

valid. Barry contacted Irvine to discuss the case. Irvine accurately informed Barry of the status of the case, the pending motion, and the concern he had regarding the preliminary hearing.

At the hearing on the State's motion, the following exchange took place:

"THE COURT: Why is Mr. Franco not here today? This date was specifically coordinated with him personally—not a secretary, but with him personally. He assured this Court that he would be here today.

"MR. BARRY: Judge, I have a letter that I would submit to the Court written to me indicating—indicating a conflict with two other cases, one in Cass County and one in Jackson County.

"THE COURT: As a matter of fact this was the date he specifically requested.

"MR. BARRY: That's what Mr. Irvine tells me.

. . . .

"THE COURT: Well, here's what I'm going to do, Mr. Reid. And Mr. Barry, you can convey this message to Mr. Franco. Unless there is a knowing waiver with Kansas counsel involved and with Mr. Franco present of any defects in that preliminary hearing, I'm going to find that it was an invalid preliminary hearing because Mr. Reid was not represented by competent Kansas counsel at that hearing. Mr. Franco entered his appearance and said the [sic] he was a member of the Kansas bar, but in fact he is not. Therefore Mr. Reid was not represented. Mr. Franco will present himself in this court on February the 28th at 10:30 and either you or some other Kansas counsel will be retained to associate with him in this case. And if those events do not occur, Mr. Reid, I'm going to appoint the Public Defender to represent you. You have the right to have counsel of your own choosing, and if you want to retain a lawyer you can do that, but you'd [sic] got to retain a lawyer who is competent to practice in the State of Kansas and Mr. Franco is . . . without the association of a Kansas lawyer."

Barry then filed a motion pro hac vice and requested that Franco be permitted to appear on Reid's behalf.

On February 28, 2000, the court held a hearing on Reid's cases. At the hearing, the State appeared through Irvine, and Reid appeared in person and through Barry and Franco. The court granted Barry's motion, and Franco was specially admitted to practice law in Kansas in behalf of Reid. The court ordered Barry to be present at all hearings in the cases. Additionally, the court ordered Barry to review the transcript of the preliminary hearing. After Barry reviewed the transcript of the preliminary hearing, based upon Barry's advice, Reid waived his right to a preliminary hearing in

99CR1128. However, Reid did not waive his right to a preliminary hearing in a second case.

The parties entered a plea agreement, and Reid pled guilty. Franco did appear when Reid was sentenced.

Prior to a parole hearing for Reid, Franco was to arrange a psychiatric evaluation, but he failed to do so. The day before the scheduled parole hearing, Franco called Barry and told him that he would not be able to appear at the parole hearing. Franco asked Barry if he would handle the hearing. Barry agreed. Franco failed to inform Barry that he had not arranged for the evaluation to occur.

Barry got the hearing continued so that Reid could be evaluated. Eventually, Reid's request for parole was granted but, due to Franco's failure to schedule the evaluation, Reid was incarcerated longer than he would have been had the evaluation been scheduled in a timely manner.

On May 29, 2001, Franco was reprimanded by the Missouri Supreme Court for the misconduct involved in this case, as well as two others. The Missouri Supreme Court concluded that the Respondent violated Missouri Rules of Professional Conduct 4-3.3(a)(1), 4-4.1(a), 4-8.1(b), 4-8.4(a), and 4-8.4(d). Missouri Supreme Court Rules 4-3.3(a)(1), 4-4.1(a), 4-8.1(b), 4-8.4(a), and 4-8.4(d) are identical to Kansas Rules of Professional Conduct (KRPC) 3.3(a)(1) (2002 Kan. Ct. R. Annot. 411), KRPC 4.1(a) (2002 Kan. Ct. R. Annot. 426), KRPC 8.1(b) (2002 Kan. Ct. R. Annot. 445), KRPC 8.4(a) (2002 Kan. Ct. R. Annot. 449), and KRPC 8.4(d), respectively.

On July 16, 2002, the Deputy Disciplinary Administrator filed the Formal Complaint in this case. Also on July 16, 2002, the office of the Disciplinary Administrator sent Franco a copy of the Formal Complaint and Notice of Hearing via certified mail, postage prepaid, to his most recent business address.

On August 9, 2002, Dave Wood, an investigator with the Disciplinary Administrator's office, traveled to Franco's home. No one responded to Wood's repeated knocking.

On August 10, 2002, Wood again traveled to Franco's home. A small child responded to Wood's knocking. Wood asked the child

if her father was home. The child left the front door and did not return. While standing on the front porch, Wood called Franco's home. No one answered the telephone. Wood left a message on the answering machine that he was standing on the front porch and asked that someone respond. No one came to the door. Wood left a copy of the Formal Complaint and Notice of Hearing between the screen door and the front door. Later that day, Wood returned to Franco's home. Upon his return he noticed that the copy of the Formal Complaint and Notice of Hearing was no longer between the doors.

## Service of Process in Disciplinary Cases

Kansas Supreme Court Rule 215 (2002 Kan. Ct. R. Annot. 272) governs service of process in disciplinary proceedings. That rule provides, in pertinent part, as follows:

"(a) Service upon the respondent of the formal complaint in any disciplinary proceeding shall be made by the Disciplinary Administrator, either by personal service or by certified mail to the address shown on the attorney's most recent registration, or at his or her last known office address.

. . . .

"(c) Service by mailing under subsection (a) or (b) shall be deemed complete upon mailing whether or not the same is actually received."

The record supports a conclusion that the notice provisions in Rule 215 were complied with in letter and in spirit. In addition to the mailing provisions, the Disciplinary Administrator achieved actual notice by leaving a copy of the Formal Complaint and Notice of Hearing at Franco's home. This type of delivery was not required by the rules, but it does establish additional measures that the Disciplinary Administrator took in trying to notify Franco of the allegations contained in the Formal Complaint and his opportunity to appear.

## Kansas Supreme Court Rule 116(a)

Rule 116(a) states:

"Any attorney not admitted to the practice of law in Kansas but regularly engaged in the practice of law in another state or territory, and who is in good standing pursuant to the rules of the highest appellate court of such state or territory, who has professional business in the courts or any administrative tribunal

or agency of this state, may on motion be admitted to practice law for the purpose of said business only, upon showing that he or she has associated with him or her, an attorney of record in the action, hearing or proceeding, who is a resident of Kansas, regularly engaged in the practice of law in Kansas, and who is in good standing under all of the applicable rules of the Supreme Court of Kansas. The Kansas attorney of record shall be actively engaged in the conduct of the matter or litigation, shall sign all pleadings, documents, and briefs, and shall be present throughout all court or administrative appearances. Service may be had upon the associated Kansas attorney in all matters connected with said action, hearing or proceeding, with the same effect as if personally made on the out-of-state attorney, within this state. Any out-of-state attorney admitted pursuant hereto shall be subject to the order of, and amenable to disciplinary action, by the courts, agencies, or tribunals of this state."

Rule 116(a) allows an attorney from another state, upon motion, to be admitted for a specific case or hearing after he or she has associated with an attorney licensed in Kansas. The rule further requires the Kansas attorney to be "actively engaged in the conduct of the matter or litigation." The rule further prohibits any court, agency, or tribunal from proceeding or hearing a matter if Rule 116 is violated. Further, any attorney admitted pro hac vice, pursuant to Rule 116, is subject to the disciplinary rules of the Kansas courts.

## Kansas Supreme Court Rule 202

Rule 202 (2002 Kan. Ct. R. Annot. 221) provides: "A final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this state."

The Missouri Supreme Court concluded that Franco violated Missouri Rules of Professional Conduct 4-3.3(a)(1), 4-4.1(a), 4-8.1(b), 4-8.4(a), and 4-8.4(d). As a matter of law, based upon Kansas Supreme Court Rule 202, Franco violated KRPC 3.3(a)(1), KRPC 4.1(a), KRPC 8.1(b), KRPC 8.4(a), and KRPC 8.4(d), which are identical to the Missouri provisions.

In addition to the rules violations found by the Missouri Supreme Court, in the Formal Complaint in this matter, the Deputy Disciplinary Administrator alleged that Franco violated KRPC 7.1

(2002 Kan. Ct. R. Annot. 438), KRPC 8.4(c), and KRPC 8.4(g). We agree.

The Kansas Rules of Professional Conduct limit lawyers' communications regarding their services. KRPC 7.1 states, in part:

"A lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services. A communication is false or misleading if it:

(a) contains a material misrepresentation of fact or law, or omits a fact necessary to make the statement considered as a whole not materially misleading."

In this case, Franco provided Irvine with a business card that read: "Practicing in KS & MO." On at least one occasion, Franco had been specially admitted to practice law in Kansas. Because Franco used the word "practicing" rather than the words "licensed to practice," the hearing panel concluded that the business card did not amount to a false communication about his services.

We disagree with the hearing panel that Franco's business cards were not a false communication. The fact that on one occasion he had been admitted pro hac vice does not, in our view, amount to "practicing." The clear message intended to be conveyed by Franco's business cards was that he could and did practice in Kansas. Candor required him to disclose that "practicing" was misleading.

A reasonable person, when given such information on a card, would conclude that Franco was licensed in Kansas.

KRPC 8.4 provides, in pertinent part, as follows:

"It is professional misconduct for a lawyer to:

. . . .

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

. . . .

(g) engage in any other conduct that adversely reflects on the lawyer's fitness to practice law."

Franco violated KRPC 8.4(c) and KRPC 8.4(g), as detailed below:

By filing the Notice of Engaged Counsel and Application for Continuance, Franco led the court to believe that he was a licensed Kansas attorney when he was not and that he was accompanied in the representation of Reid by another licensed Kansas attorney when he was not and, based upon the testimony of Bredehoft, he had no intention of being so accompanied. Further, because

Franco has chosen not to respond in any fashion to the disciplinary proceeding and has not offered an explanation for the use of what most certainly appears to be an invalid Kansas attorney registration number, we conclude that he knowingly provided false and misleading information to the Riley County District Court and took no steps to remedy the misrepresentation.

We find that such representations, filings, and false writing were dishonest, fraudulent, deceitful, and constituted material misrepresentations.

In addition, by appearing at the preliminary hearing without Kansas counsel, failing to inform the court that he was not licensed in Kansas, failing to arrange for the evaluation for Reid, and failing to attend the parole hearing in behalf of Reid, Franco's fitness to practice law clearly does not meet the requirements of KRPC 8.4(g).

Kansas Supreme Court Rule 211(b) (2002 Kan. Ct. R. Annot. 261) provides, in pertinent part:

"The respondent shall serve an answer upon the Disciplinary Administrator within twenty days after the service of the complaint unless such time is extended by the Disciplinary Administrator or the hearing panel."

In this case, Franco violated Rule 211(b) by failing to timely file a written answer to the Formal Complaint.

## ABA Standards for Imposing Lawyer Sanctions

In making its recommendation for discipline, the hearing panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (1991) (Standards). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

*Duty Violated.* Franco violated his duty to the legal system.

*Mental State.* Franco *knowingly* violated his duty to the legal system.

*Injury.* As a direct result of Franco's misconduct, the legal system suffered actual harm.

*Aggravating or Mitigating Factors*. Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel found the following aggravating factors present:

Prior Disciplinary Offenses. On May 29, 2001, the Missouri Supreme Court reprimanded Franco for having violated Missouri Rules of Professional Conduct 4-3.3(a)(1), 4-4.1(a), 4-8.1(b), 4-8.4(a), and 4-8.4(d). Four of the rule violations appear to be based upon the same facts alleged in this case.

Dishonest or Selfish Motive. Franco engaged in dishonest behavior by including a Kansas attorney registration number on the pleadings when he had not been admitted to practice law in Kansas.

We agree with the hearing panel that no mitigating circumstances are present here.

## Sanctions

IT IS THEREFORE ORDERED that the respondent, Daniel L. Franco, be prohibited indefinitely from appearing in any Kansas court, administrative tribunal, or agency of this state pro hac vice.

IT IS FURTHER ORDERED that all costs associated with this proceeding as certified by the office of Disciplinary Administrator be assessed against Daniel L. Franco.

IT IS FURTHER ORDERED that these findings and orders be published in the official Kansas Reports.

ABBOTT, J., not participating.

LARSON, S.J., assigned■