IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 114,098

In the Matter of GARY RIEBSCHLAGER,
*Respondent*.

ORIGINAL PROCEEDING IN DISCIPLINE

Original proceeding in discipline. Opinion filed November 20, 2015. Indefinite prohibition from appearing pro hac vice before any Kansas court, administrative tribunal, or agency.

*Kimberly L. Knoll*, Deputy Disciplinary Administrator, argued the cause, and *Stanton A. Hazlett*, Disciplinary Administrator, was with her on the formal complaint for the petitioner.

*John J. Ambrosio*, of Ambrosio & Ambrosio, Chtd., of Topeka, argued the cause, and *Gary Riebschlager*, respondent, argued the cause pro se.

*Per Curiam*:  This is an attorney discipline proceeding against Gary Riebschlager of Houston, Texas. Respondent is not licensed to practice law in Kansas.

On January 14, 2015, the Disciplinary Administrator's office filed a formal complaint against respondent alleging violations of the Kansas Rules of Professional Conduct (KRPC). Respondent filed an answer on March 2, 2015. The parties entered into a joint factual stipulation and agreed to a suggested disposition on March 30, 2015.

A panel of the Kansas Board for Discipline of Attorneys held a hearing on April 1, 2015, at which the respondent appeared personally and was represented by counsel. The hearing panel determined respondent violated KRPC 8.1(b) (2014 Kan. Ct. R. Annot.

1

670) (failure to disclose a fact necessary to correct a misapprehension known by respondent).

Upon conclusion of the hearing, the panel made the following findings of fact, conclusions of law, and disciplinary recommendation. Respondent took no exceptions to the hearing panel's report. We quote the report's pertinent parts below.

"*Findings of Fact*

. . . .

"11.    In 2008, H.P. retained the respondent to represent him in an action against BNSF Railway Co. On March 2, 2013, the respondent, through Rachel Mackey, local counsel, filed a verified application for admission *pro hac vice*, in *H.P. v. BNSF Railway Co.*, 09CV305 in the District Court of Wyandotte County, Kansas. In the petition, the respondent stated, 'I have been the subject of prior public discipline, but not suspension or disbarment, in any jurisdiction.' However, previously, the respondent had been sanctioned by the State Bar of Texas by a partially probated suspension.

"12.    After the verified application was filed, opposing counsel filed a motion to disqualify the respondent. On July 25, 2013, the court took up the motion to disqualify counsel. At the hearing on the motion to disqualify counsel, the respondent appeared on behalf of H.P., however, Ms. Mackey did not appear. During the hearing on the motion to disqualify, the respondent explained:

'MR. RIEBSCHLAGER:  My name is Gary Riebschlager. I am the focus of a Motion to Disqualify Counsel filed by Burlington Northern Railway Santa Fe Company which I received five minutes ago.

'The basis for the Motion is that I was suspended from the practice of law in 2006. The suspension was a partially probated suspension during a rough part of my life.

2

'I had been told by my grievance counsel—because this comes up a lot. I practice not only in Kansas. I practice in California. I practice in New York. I practiced in Florida. I practiced in Louisiana. And I practiced in Arkansas, in Colorado once.

'I have been advised that, unless it's a full suspension where you are unable to practice at all, that I don't report that under a pro hac vice motion. I was told I have a partially probated suspension with three months active. And I was told that, because it's a partially probated suspension, that I don't have to declare that as a full suspension. That is what I've been told and that's what I've told many judges. That would be my response, Your Honor.'

At the hearing on the formal complaint, the respondent testified that he had no intention of misleading anyone and that he was mistaken regarding the language of the Kansas rule regarding suspension.

"13.    The court concluded that the respondent's attorney disciplinary record was contrary to the information he included in the verified petition for admission *pro hac vice*. Accordingly, the court disqualified the respondent. Because Ms. Mackey failed to attend the hearing as required by court rule, the court also disqualified Ms. Mackey.

"14.    On July 29, 2013, the court memorialized his order in a journal entry.

'1.     On February 28, 2012, plaintiff's Kansas attorney, Rachel Mackey, filed her motion, pursuant to Kansas Supreme Court Rule No. 116, seeking admission *pro hac vice* of out-of-state Texas Attorney Gary M. Riebschlager;

'2.     As further required by Kansas Supreme Court Rule No. 116(e), *pro hac vice* applicant Riebschlager prepared as an attachment to the Mackey motion his verified application in which he represented to

3

the Court and defense counsel in Paragraph 6 of that application, that he had "been the subject of prior public discipline, <u>but not disbarment or suspension in any jurisdiction</u>" . . . ;

'3.     It has been brought to the Court's attention that the public disciplinary records of the State Bar of Texas disclose that contrary to the express representation made by Attorney Riebschlager in Paragraph 6 of his verified application for admission *pro hac vice*, Attorney Riebschlager was sanctioned by the State Bar of Texas on May 3, 2006 by a partially probated suspension of his law license from June 1, 2006—May 31, 2008.

'4.     As defined by the State Bar of Texas, a "partially probated suspension" is specifically defined as follows:  "This type of discipline is a combination of an active suspension [from the practice of law], followed by a period of probated suspension and is public."

'5.     According to the *Texas Bar Journal*, Vol. 69, No. 7, p. 691, Attorney Riebschlager "accepted the two-year partially probated suspension, effective June 1, 2006, with the first three months (of the suspension) actively served";

'6.     The Court also notes that Kansas Supreme Court Rule 116(b) provides that the Kansas attorney of record <u>must</u>, *inter alia*, be present throughout all court or administrative proceedings, and Attorney Rachel Mackey has failed to comply with the mandatory requirements imposed upon her by this rule;

'7.     As a result of the conduct delineated hereinabove the Court finds that there is good cause that both Gary M. Riebschlager and Rachel Mackey should be and are disqualified and removed forthwith as counsel for plaintiff in this case, and defendant's motion is sustained;

4

'8.    The Court further finds that plaintiff should be and is hereby given to the deadline of September 1, 2013, by which date to hire new counsel and have such attorney enter his or her appearance;

'9.    The Court will mail a copy of this journal entry to the plaintiff [H.P.] at his last known residential address . . . Lawrence, Kansas 66049;

'10.    In the event plaintiff retains new counsel by the deadline imposed by the Court, the case will proceed in its current posture with respect to all deadlines and orders previously entered;

'11.    The current jury trial date of September 9, 2013, is hereby cancelled, and this matter is continued for trial by the Court, subject to call.'

"*Conclusions of Law*

"15.    In the formal complaint, the disciplinary administrator alleged that the respondent violated KRPC 8.1(a). In the parties' stipulation, the disciplinary administrator and the respondent agreed that the respondent violated KRPC 8.1(a). However, based upon a careful review of the stipulation and evidence presented, the hearing panel concludes that the respondent violated KRPC 8.1(b).

"16.    KRPC 8.1 provides:

'An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:

5

(a)  knowingly make a false statement of material fact; or

(b)  fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this rule does not require disclosure of information otherwise protected by Rule 1.6.'

"17.  In the verified application for admission *pro hac vice*, the respondent stated that he had 'been the subject of prior public discipline, but not suspension or disbarment, in any jurisdiction.' Despite his statement in the application, the respondent had been the subject of a prior public discipline which included a suspension.

"18.  However, in order to establish a violation of KRPC 8.1(a), evidence must be presented that the respondent knowingly made a false statement of material fact. The uncontroverted evidence is that the respondent called the Texas disciplinary authorities and was told that he was not required to disclose the partially probated suspension in applications for admission *pro hac vice*.

"19.  Thus, based upon the respondent's testimony, the hearing panel concludes that the evidence was not presented to establish that he knowingly made false statement of material fact. Rather, the hearing panel concludes that the evidence supports a conclusion that the respondent failed to disclose a fact necessary to correct a misapprehension known by the respondent. The hearing panel concludes that the respondent violated KRPC 8.1(b).

"*American Bar Association
Standards for Imposing Lawyer Sanctions*

"20.  In making this recommendation for discipline, the hearing panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual

6

injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"21.    *Duty Violated*.  The respondent violated his duty to the public to maintain his personal integrity.

"22.    *Mental State*.  The respondent should have known he was violating his duty to the public.

"23.    *Injury*.  As a result of the respondent's misconduct, the respondent caused actual harm to the administration of justice. Based upon the respondent's misconduct H.P.'s trial was delayed.

"*Aggravating and Mitigating Factors*

"24.    Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following aggravating factors present:

"25.    *Prior Disciplinary Offenses*.  The respondent has been previously disciplined on three occasions. In 1998, the Texas Supreme Court publicly reprimanded the respondent. In 2004, the Texas Supreme Court again publicly reprimanded the respondent. In 2006, the Texas Supreme Court suspended the respondent from the practice of law for neglecting a legal matter entrusted to him, for failing to carry out the obligations owed to clients, for failing to keep clients reasonably informed about the status of a matter, for failing to promptly comply with reasonable requests for information, for failing to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation, failing to take steps to the extent reasonably practicable to protect a client's interest, and failing to respond to a lawful demand for information from the disciplinary authority. Following a short suspension, the Texas Supreme Court placed the respondent on probation. The Texas Supreme Court referred to this discipline as partially probated suspension.

7

"26.     *Substantial Experience in the Practice of Law*.  The Texas Supreme Court admitted the respondent to practice law in 1983. At the time of the misconduct, the respondent has been practicing law for nearly 30 years.

"27.     Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following mitigating circumstances present:

"28.     *The Present and Past Attitude of the Attorney as Shown by His or Her Cooperation During the Hearing and His or Her Full and Free Acknowledgment of the Transgressions.*  The respondent fully cooperated with the disciplinary process. Additionally, the respondent admitted the facts that gave rise to the violations. Finally, the respondent stipulated that his conduct violated a Kansas Rule of Professional Conduct.

"29.     *Previous Good Character and Reputation in the Community Including Any Letters from Clients, Friends and Lawyers in Support of the Character and General Reputation of the Attorney*.  The respondent is an active and productive member of the bar of Houston, Texas. The respondent also enjoys the respect of his peers and generally possesses a good character and reputation as evidenced by several letters received by the hearing panel.

"30.     *Remorse*.  At the hearing on this matter, the respondent expressed genuine remorse for having engaged in the misconduct.

"31.     *Remoteness of Prior Offenses.*  The misconduct which gave rise to the discipline imposed in Texas is remote in character to the misconduct in this case. Additionally, the misconduct which gave rise to the 1998 reprimand is remote in time to the misconduct in this case.

"32.     In addition to the above-cited factors, the hearing panel has thoroughly examined and considered the following Standards:

'5.13     Reprimand is generally appropriate when a lawyer knowingly engages in any other conduct that involves dishonesty, fraud, deceit, or misrepresentation and that adversely reflects on the lawyer's fitness to practice law.

'6.12     Suspension is generally appropriate when a lawyer knows that false statements or documents are being submitted to the court or that material information is improperly being withheld, and takes no remedial action, and causes injury or potential injury to a party to the legal proceeding, or causes an adverse or potentially adverse effect on the legal proceeding.

'6.22     Suspension is appropriate when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding.'

"*Recommendation*

"33.     The disciplinary administrator and the respondent jointly recommended that the respondent be indefinitely prohibited from appearing in any Kansas court, administrative tribunal, or agency of the state, *pro hac vice*.

"34.     Based upon the findings of fact, conclusions of law, and the Standards listed above, the hearing panel unanimously recommends that the respondent be indefinitely prohibited from appearing in any Kansas court, administrative tribunal, or agency of the state, *pro hac vice*.

"35.     Costs are assessed against the respondent in an amount to be certified by the Office of the Disciplinary Administrator."

DISCUSSION

In a disciplinary proceeding, this court considers the evidence, the hearing panel's findings, and the parties' arguments to determine whether KRPC violations exist and, if they do, what discipline should be imposed. Attorney misconduct must be established by clear and convincing evidence. *In re Foster*, 292 Kan. 940, 945, 258 P.3d 375 (2011); see Supreme Court Rule 211(f) (2014 Kan. Ct. R. Annot. 363). Clear and convincing evidence is "'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable."'" *In re Lober*, 288 Kan. 498, 505, 204 P.3d 610 (2009) (quoting *In re Dennis*, 286 Kan. 708, 725, 188 P.3d 1 [2008]).

Respondent was given adequate notice of the formal complaint, to which he filed an answer. Respondent filed no exceptions to the final hearing report. As such, the panel's findings of fact are deemed admitted. Supreme Court Rule 212(c) and (d) (2014 Kan. Ct. R. Annot. 383). That said, we note some discrepancy between the panel's findings in paragraph 25 concerning actions attributed to the Texas Supreme Court and the record, which shows sanctions were imposed by Texas State Bar District Grievance Committees and the Harris County, Texas, District Court. But after inquiry at oral argument, the parties agree these discrepancies are immaterial.

The evidence before the hearing panel establishes by clear and convincing evidence the charged misconduct violated KRPC 8.1(b) (2014 Kan. Ct. R. Annot. 670) (failure to disclose a fact necessary to correct a misapprehension known by respondent), and it supports the panel's conclusions of law. We adopt the panel's findings and conclusions.

The only remaining issue is determining the appropriate discipline for respondent's violations. At the hearing before this court, the Disciplinary Administrator's office and

10

respondent both recommended that respondent be indefinitely prohibited from appearing pro hac vice before any Kansas court, administrative tribunal, or agency. The hearing panel agreed with that joint recommendation.

The hearing panel's recommendations are advisory only and do not prevent us from imposing greater or lesser sanctions. Supreme Court Rule 212(f) (2014 Kan. Ct. R. Annot. 383); see *In re Kline*, 298 Kan. 96, 212-13, 311 P.3d 321 (2013). But after careful consideration, the court agrees with the recommendations and holds that respondent be indefinitely prohibited from appearing pro hac vice before any Kansas court, administrative tribunal, or agency. See *In re Franco*, 275 Kan. 571, 579, 66 P.3d 805 (2003) (Missouri attorney indefinitely prohibited from appearing in Kansas pro hac vice).

CONCLUSION AND DISCIPLINE

IT IS THEREFORE ORDERED that Gary Riebschlager be and is hereby disciplined by indefinite prohibition from appearing pro hac vice before any Kansas court, administrative tribunal, or agency, in accordance with Supreme Court Rule 203(a)(5) (2014 Kan. Ct. R. Annot. 306).

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to the respondent and that this opinion be published in the official Kansas Reports.

11